UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK JOSEPH NEJMEH, Plaintiff, v. THERIVA BIOLOGICS, INC., Defendant. | Case No. 3:26-cv-00705-ART-CSD<br>ORDER ON ECF Nos. 42, 51, 53 |

Before the Court is Plaintiff Mark Joseph Nejmeh's second motion for a preliminary injunction (ECF No. 42), Mr. Nejmeh's motion to file excess pages in his reply brief, (ECF No. 51), and Defendant Theriva Biologics, Inc.'s ("Theriva") motion to file a sur-reply opposing the preliminary injunction (ECF No. 53).

## I. BACKGROUND

Mr. Nejmeh brought this action against Theriva on September 16, 2026, challenging a series of solicitations, meetings, and voting procedures related to shareholders' approval of the issuance of the "New Warrant Shares" on August 3, 2026. (ECF Nos. 2, 4). Mr. Nejmeh has been a shareholder of Theriva since 2021. (ECF No. 46-1 at 3). He sought a temporary restraining order, or in the alternative, a preliminary injunction, to enjoin Theriva from "accepting, processing, settling, or completing an exercise" of the New Warrant Shares. (ECF No. 2). The Court denied this request, finding Mr. Nejmeh failed to demonstrate he suffered an irreparable injury in the absence of equitable relief. (ECF No. 33).

On October 22, 2026, Mr. Nejmeh filed his second motion for a preliminary injunction. (ECF No. 42). On November 2, 2026, the Court then granted (ECF No. 49) Mr. Nejmeh's motion to amend his complaint (ECF No. 46). In its order, the Court stated that it would adjudicate the motion for a preliminary injunction

based on the facts raised in the first amended complaint and granted Theriva an extension to file their opposition to the motion. (ECF No. 49). Theriva filed their opposition to the motion for a preliminary injunction (ECF No. 50) and Mr. Nejmeh replied in support (ECF No. 52). Before the Court is also Mr. Nejmeh's motion seeking leave to file excess pages in his reply (ECF No. 51) and Theriva's motion for leave to file a sur-reply (ECF No. 53).

Mr. Nejmeh's motion for a preliminary injunction is based on the following factual allegations. On October 20, 2026, Theriva issued a proxy statement announcing a special shareholder meeting on November 18, 2026, in Barcelona, Spain. (ECF No. 50 at 6). Barcelona is where the corporation has its "principal place of business for research and clinical development." *Id.* This proxy statement includes "Proposal 2," which is vote on the "ratification and confirmation of the prior approval" of the New Warrant Shares at the 2026 annual meeting. *Id.* The record date for the special meeting was set as October 9, 2026. *Id.*

Mr. Nejmeh challenges the time, location, method of voting, and meeting procedures associated with the November 18, 2026, special shareholder meeting. In his motion, he requests that the Court order the following relief: 1) postpone Theriva's shareholder meeting until December 22, 2026, 2) order that the meeting be held in-person at Theriva's office in Rockville, Maryland, 3) set November 30, 2026, as the record date, 4) permit an independent inspector to count and certify the shareholder vote, 5) permit a live broadcast and remote shareholder voting at the December 22, 2026, meeting, and 6) set requirements for reporting vote tallies, mailing a corrected proxy statement, and providing notice of direct shareholder registration. (ECF No. 42 at 1–2). Mr. Nejmeh is explicit that his motion for a preliminary injunction does not request the Court to "stop the exercise of any warrant, any financing or any transaction, or to undo the August 3, 2026 vote." *Id.*

//

## II. LEGAL STANDARD

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). A preliminary injunction is an "extraordinary" and "drastic" remedy that requires the moving party to clearly show that they carry the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (cleaned up).

While *Winter* requires a plaintiff to show likelihood of irreparable harm, the Ninth Circuit applies a sliding scale approach to the other factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35, 1139 (9th Cir. 2011). This means that if the movant makes a threshold showing of "serious questions going to the merits," even short of a likelihood of success, then strong showings on the remaining factors may allow a court to issue the injunction. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Garcia v. Google Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)). If the movant fails to show serious questions going to the merits, however, the other factors may not otherwise justify granting the injunction. *Id.*

## III. DISCUSSION

The Court denies Mr. Nejmeh's motion for a preliminary injunction (ECF No. 42), because he has not sufficiently demonstrated a likelihood of success on the merits of his claims.

### A. Count I

Mr. Nejmeh's first claim against Theriva alleges that the corporation violated Section 14(a) of the Securities Exchange Act ("SEA") and its

accompanying regulations through: an improper proxy statement for the 2026 annual shareholder meeting and improper solicitations from Theriva's counsel to Mr. Nejmeh in December 2025. (ECF No. 46-1 at 35).

Count I is likely moot in light of Theriva's upcoming shareholder meeting on November 18, 2026. "[A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013). Count I is unlikely to succeed on the merits, for mootness reasons already discussed in the Court's previous order on injunctive relief. (*See* ECF No. 33 at 6) ("A valid proxy statement would cure Plaintiff's alleged informational injury challenging the misleading or false shareholder approval of the issuance of New Warrant Shares."). Because Theriva has issued a corrective proxy statement and purports to seek shareholder re-approval of the issuance of the New Warrant Shares, Mr. Nejmeh's concerns about previous solicitations that were "material" to shareholder approval will likely be moot. The contested issuance of the New Warrant Shares, which is the material result of the allegedly improper solicitations, would be cured by the upcoming vote.

**B. Count II**

Mr. Nejmeh does not bring claims against Theriva under Count II, so the Court will not address the likelihood of success on this claim.

**C. Count III**

Mr. Nejmeh alleges that Theriva violated Section 10(b) of SEA and its accompanying regulations, along with Section 20(a) of SEA. (ECF No. 46-1 at 35–36). Mr. Nejmeh claims under Count III that Theriva's CEO, Mr. Shallcross, misrepresented information to Mr. Nejmeh during a shareholder meeting on October 2, 2023, related to the corporation's ability to "increase its authorized shares after a reverse stock split." (ECF No. 46-1 at 36). He argues that other executives of Theriva (Mr. Kraws, Mr. Wolf, and Mr. Monahan) knew that the

statement made at the October 2, 2023, meeting was false and "let it stand." *Id.*

Section 10(b) governs "any manipulative or deceptive device or contrivance" with respect to the sale or purchase of a security (15 U.S.C. § 78(j)(b)), while Section 20(a) governs the joint and several liability of a controlling person liable under the Act (15 U.S.C. § 78(t)). Because Mr. Nejmeh argues that Mr. Kraws, Mr. Wolf, and Mr. Monahan knew about the falsity of Mr. Shallcross's statement and are liable under Section 20(a) "as a person who controlled Theriva," (ECF No. 46-1 at 36), the Court construes Count III as only alleging a violation of Section 10(b) and its accompanying regulations against Theriva. The Court will therefore proceed in its analysis of Count III only with respect to the Section 10(b) claim.

The Court finds that Mr. Nejmeh's Count III claim is unlikely to succeed on the merits against Theriva, because it lacks the required particularized allegations. A Section 10(b) claim must meet "both the heightened pleading requirements for fraud claims under Fed. R. Civ. P. 9(b), which requires that the complaint 'state with particularity the circumstances constituting fraud,' and the '[e]xacting pleading requirements' of the Private Securities Litigation Reform Act ("PSLRA")." *Macomb Cnty. Emps.' Ret. Sys. v. Align Tech., Inc.*, 39 F.4th 1092, 1096 (9th Cir. 2022) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007)). The elements of a Section 10(b) claim "constituting fraud" are as follows: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) (citation omitted).

Theriva argues that Mr. Nejmeh's complaint does not raise sufficiently particularized allegations with respect to scienter, among other elements of a Section 10(b) claim. *See* ECF No. 50 at 14. The Court agrees. While Mr. Nejmeh alleges that Mr. Kraws, Mr. Wolf, and Mr. Monahan knew about the falsity of Mr.

Shallcross's statement, Count III does not allege scienter on behalf of Theriva or Mr. Shallcross. Scienter requires a showing of the "intent to deceive, manipulate or defraud." *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 639 (9th Cir. 2024). Mr. Nejmeh does not raise any allegations about Mr. Shallcross's intent to "deceive, manipulate, or defraud," instead merely pointing to reverse split stock actions taken in 2018 and 2024. (*See* ECF No. 46-1 at 35–36). If any inference is to be drawn at all from these transactions regarding Mr. Shallcross's intentions, it does not rise to the level of particularity required by federal law and rules. The Court finds that Mr. Nejmeh is unlikely to succeed on the merits of his claim against Theriva on Count III.

**D. Count IV**

Mr. Nejmeh does not bring claims against Theriva under Count IV, so this Court will not address the likelihood of success on this claim.

**E. Count V**

Mr. Nejmeh raised Count V for the first time in his amended complaint. (ECF No. 46). This claim was not included in the proposed amended complaint (ECF No. 41) upon which the preliminary injunction motion was based. In the interests of judicial efficiency and completeness, the Court earlier indicated that it would consider the amended complaint and extended the time for Theriva to respond to the motion for a preliminary injunction. (ECF No. 49). The Court now grants Theriva's request to file a sur-reply. (ECF No. 53).

In Claim V, Mr. Nejmeh seeks declaratory relief against Theriva under NRS 78.310 and 78.320, Theriva's bylaws, and the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202. (ECF No. 46-1 at 37). Mr. Nejmeh seeks a declaration of his rights with respect to:

> "(a) the quorum standard and the voting power represented at the December 15, 2025 meeting; (b) whether that meeting was continued to December 22, 2025 by announcement at the meeting, and the effect of Theriva's cancelling it without notice to the stockholders who said they

> would attend; (c) whether the December 15, 2025 call from Theriva's counsel was a solicitation of Plaintiff's consent; and (d) the effect of those events on the later approvals of the New Warrant shares."

*Id.* Theriva argues that the December 15, 2025, meeting "never reached a quorum and has no bearing on later, separately noticed and separately solicited votes." (ECF No. 53-1 at 3). Additionally, Theriva maintains that Count V bears no apparent relationship to Mr. Nejmeh's requested injunctive relief. *Id.*

The Court finds that Count V is unlikely to succeed on the merits, for the same mootness reasons discussed above. It agrees that alleged deficiencies with the December 15, 2025, meeting would have no effect on the August 3, 2026, or challenged November 18, 2026, shareholder approval of the issuance of the New Warrant Shares. The upcoming shareholder meeting would independently cure any alleged deficiencies with respect to the December meeting, leaving a declaration of Mr. Nejmeh's rights likely a moot issue.

Because all of Mr. Nejmeh's claims against Theriva are unlikely to succeed on the merits, the Court must deny his motion for a preliminary injunction.

## IV. CONCLUSION

It is therefore ordered that Mr. Nejmeh's motion for a preliminary injunction (ECF No. 42) is DENIED.

It is therefore ordered that Mr. Nejmeh's motion for leave to file excess pages (ECF No. 51) is GRANTED.

It is therefore ordered that Theriva's motion for leave to file a sur-reply (ECF No. 53) is GRANTED.

DATED THIS 12th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE