**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK JOSEPH NEJMEH,

Plaintiff

v.

THERIVA BIOLOGICS, INC., et al.,

Defendants

Case No.: 3:26-cv-00705-ART-CSD

**Order Re:** ECF No. 62

On September 16, 2026, Plaintiff filed his original complaint. (ECF No. 4.) Since then, Plaintiff has revised or moved to amend his original pleading numerous times.[1] Most recently, Plaintiff has filed a motion for leave to amend and a motion for leave to file a supplemental pleading. (ECF Nos. 57, 58.) Defendants asked the court to grant an extension to respond to Plaintiff's pleading after the court decides the pending motions. (ECF No. 59.) The court granted the request after finding good cause to do so. (ECF No. 60.) Plaintiff subsequently filed a motion for reconsideration, asking the court to reconsider its order granting Defendants an extension of time. (ECF No. 62.) The court denies Plaintiff's motion for reconsideration.

Reconsideration is proper under Rule 59(e) if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Reconsideration is an "extraordinary remedy"

[1] *See* ECF No. 41 (Proposed First Amended Complaint filed on 10/19/26); ECF No. 46 (Motion to Amend Complaint filed on 10/31/26); ECF No. 54 (First Amended Complaint filed on 11/9/26); ECF No. 57 (Motion to Amend Amended Complaint filed on 11/13/26). Plaintiff's action was filed 9/16/26, and there have already been 62 docket entries in this case.

that should "be used sparingly in the interests of finality and the conservation of resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

The court finds the extraordinary remedy of reconsideration is not appropriate. Plaintiff has filed or proposed several iterations of his complaint. Because it is unclear which of Plaintiff's proposed pleadings will become the operative version, Defendants moved for an extension of time to respond. The court found good cause to grant the request because it would be inefficient to force Defendants to respond to a pleading that Plaintiff may soon replace (since there is a pending motion for plaintiff to amend his amended complaint). Plaintiff has asked the court to reconsider that decision because the court entered its order before Plaintiff filed an opposition. Plaintiff contends that his opposition would have provided the court with facts that negate a finding of good cause.

This argument does not meet the high bar for reconsideration. A court may grant a motion for an extension of time without notice to the parties. *See* Fed. R. Civ. P. 6(b). The court found good cause to grant Defendants' motion because Plaintiff has filed several motions to amend his complaint before a responsive pleading has been filed by Defendants. None of the facts presented by Plaintiff in his opposition change or challenge the court's finding that good cause existed to avoid unnecessary filings and to conserve resources.

The court issued an order scheduling a status conference for December 7, 2026, in this case. (ECF No. 61). No additional motions shall be filed until that conference occurs.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. (ECF No. 62.)

/ / /

/ / /

/ / /

**IT IS SO ORDERED**.

Dated: November 25, 2026

Craig S. Denney
United States Magistrate Judge